## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## —BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| ELENA CISNEROS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL  NO. B-05-259 |
| | § | |
| ROBERT SANCHEZ, | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Motion for Remand [Docket No. 6], Plaintiff's Motion for Expedited Hearing on Her Motion for Remand and for Sanctions for Wrongful Removal [Docket No. 5], Plaintiff's Amended Motion for Remand [Docket No. 7], Plaintiff's Amended Motion for Expedited Hearing on Her Motion for Remand and for Sanctions for Wrongful Removal [Docket No. 8], and Defendant's Motion to Dismiss Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure [Docket No. 13].

Removal is only appropriate in cases where the United States district courts have original jurisdiction.  28 U.S.C. § 1441(a) (2000).  There is no diversity of citizenship in this case; thus, removal jurisdiction can only be based on federal-question jurisdiction pursuant to 28 U.S.C. § 1331 (2000).  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plaintiff's Second Amended Petition and Jury Demand, filed in state court, asserts state law causes of action for libel and intentional infliction of emotional distress. [Docket No. 1, Ex. B]  Defendant raises a federal statute, the Communication Decency Act of 1996

1

("CDA"), 47 U.S.C. § 230 et seq. (2000), as a defense to Plaintiff's claims and as the basis of removal to this Court.

It is well settled that federal-question jurisdiction cannot be based on a federal defense. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  Similarly, a case cannot be removed to federal court on the basis of a federal defense.  *Caterpillar*, 482 U.S. at 393.  However, removal is proper when Plaintiff's claims are completely preempted by federal law.  *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987).  Thus, the question is whether Plaintiff's claims are completely preempted by the CDA.

The CDA protects providers and users of interactive computer service.  The Act provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."  47 U.S.C. § 230(c)(1).  The Act further states that providers and users shall not be held liable for certain facilitating roles, such as efforts to restrict access to materials or actions to make information available to others.  47 U.S.C. § 230(c)(2).  Although Plaintiff's Second Amended Petition and Jury Demand states that Defendant is being sued "for his role as an internet content provider," Plaintiff makes clear that "Sanchez is not being sued for providing an interactive computer services [sic] in regard to the website, but rather for his role in being a source of the defamatory material on that website."  [Docket No. 1, Ex. B]  Plaintiff proceeds to list a handful of defamatory statements made on the website alleging that Defendant was the author of some and that Defendant used his control of the website to add and remove certain comments by others, effectively shaping the messages conveyed on the website.  While arguably Defendant may be correct that the CDA may shield Defendant from liability for certain good faith actions described in § 230(c)(2), Defendant's ultimate

2

liability is not an issue in deciding this Motion to Remand.  The only issue before this Court is whether Plaintiff's claim is completely preempted by the Act.  The Court will ignore Plaintiff's intentional infliction of emotional distress claim because such a claim cannot be brought independently in Texas and is wholly dependent on the success of Plaintiff's libel claim.  *Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993).  Although Defendant argues the libel claim is precluded by the CDA, Plaintiff alleges Defendant was the actual author of defamatory statements.  Therefore, a valid claim has been made by Plaintiff because § 230(c)(1) only prevents a provider from being treated as the author of "information provided by another."  We now turn to whether Plaintiff's claim is preempted by the CDA.

In order for a claim to be preempted, federal law must "so completely preempt a field of state law that the plaintiff's complaint must be recharacterized as stating a federal cause of action." *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1161 (5th Cir. 1989) (citing *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557 (1968)).  "This 'complete preemption' occurs only when Congress intends not merely to preempt a certain amount of state law, but also intends to transfer jurisdiction of the subject matter from state to federal courts."  *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 925 (5th Cir. 1997) (citing *Taylor*, 481 U.S. at 65-66).  In determining whether complete preemption exists, the courts must look to Congressional intent.  *English v. Gen. Elec. Co.*, 496 U.S. 72, 78–79 (1990).

The Supreme Court has held that state law claims are completely preempted only in very limited circumstances.  The principle that complete preemption serves as an exception to the well-pleaded complaint rule was first discussed by the Supreme Court in *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557 (1968).  The Plaintiff in *Avco* filed suit in state court to enjoin members of a labor

union from striking based on a "'no-strike' clause in the collective bargaining agreement."  *Id.* at 558.  The defendants removed the case to federal court based on the Labor Management Relations Act.  *Id.* at 558-59.  Section 301 of the Act states that it applies to "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . or between any such labor organizations."  29 U.S.C. § 185(a) (2000).  The Court held that removal based on complete preemption was proper because the suit was not simply a contract claim under state law, but a cause of action under the Labor Management Relations Act, which is controlled by federal substantive law.  *Id.* at 560-61.

The Court clarified *Avco* in *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 23 (1983), explaining that although the plaintiff "had undoubtably pleaded an adequate claim for relief under the state law of contracts," removal was proper because "the preemptive force of § 301 is so powerful as to displace entirely any state cause of action."  Applying *Avco*, the Court held that a suit by state tax authorities against a union trust was not preempted by § 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA").  *Id.* at 25.  The Court justified the holding by comparing § 502(a)'s assertion that "nothing in this subchapter shall be construed to relieve any person from any law of any State which regulates insurance, banking, or securities," with the sweeping language of § 301 of the Labor Management Relations Act.  *Id.*  The Court also pointed out that "ERISA does not provide an alternate cause of action in favor of the State to enforce its rights, while § 301 expressly supplied the plaintiff in *Avco* with a federal cause of action to replace its preempted state contract claim."  *Id.* at 26.  Finally, the Court concluded by explaining that "even though the Court of Appeals may well be correct that ERISA precludes enforcement of the State's levy in the circumstances of this

4

case, an action to enforce the levy is not itself preempted by ERISA." *Id.*

In *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58 (1987), the Supreme Court held that an employee's common-law contract and tort claims were preempted by ERISA. The Court explained that because the plaintiff was suing to recover benefits under an employment plan, the claim was preempted as ERISA provided an exclusive federal cause of action. *Id.* at 62–63. The civil enforcement provisions of ERISA not only provided a cause of action, but specifically stated that "[a]ll such actions in Federal or State courts are to be regarded as arising under the laws of the United States." *Id.* at 65–66. Thus, the Court held that ERISA's creation of a cause of action and specific grant of federal jurisdiction made any suit to recover from an employee benefit plan "necessarily federal in character by virtue of the clearly manifested intent of Congress." *Id.* at 67.

Turning to the instant case, Defendant argues that Plaintiff's libel claim is preempted, but has failed to provide this Court with any specific text of the CDA that evinces a clear Congressional intent or creates a federal cause of action. Defendant simply states that he is "immune from suit because Congress has preempted any causes of action against the provider of a web-site pursuant to 47 U.S.C.A. 151 et seq." [Docket No. 14, ¶ 10] Defendant then cites 47 U.S.C. § 230(e)(3) as authority for the proposition that Plaintiff cannot maintain a libel suit. Section 230(e)(3) states that "nothing in this section shall be construed to prevent any State from enforcing any State law that is consistent with this section. No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3). Thus, the CDA is clearly not intended to completely preempt state law in any given area because § 230(e)(3) is narrowly tailored to allow state and local laws within the same field, so long as they are

consistent.[1]  This Court finds that the libel cause of action asserted by Plaintiff is consistent with the

CDA as Plaintiff only seeks to hold Defendant liable for statements he actually authored, not for the

statements of others.

Whether the CDA preempts state law claims was addressed in the Eastern District of

Virginia in *Zeran v. Am. Online, Inc.*, 958 F. Supp. 1124 (E.D. Va. 1997).  After comparing the

CDA to other Acts where courts have found federal preemption, the court explained that the CDA

"contains no explicit expression of congressional intent with respect to the scope of preemption."

*Id.* at 1130.  The court specifically stated that the CDA "does not reflect congressional intent to

preempt state law remedies for defamatory material on an interactive computer service . . . except

in the event of a conflict between those remedies and the CDA."  *Id.* at 1131.  Thus, "Congress did

not intend to occupy the field of liability for providers of online interactive computer services to the

exclusion of state law."  *Id.*  Although the Eastern District of Virginia ultimately found a conflict

between the cause of action at issue and the CDA in *Zeran*, there is no such conflict in the instant

---

[1]Arguing that there was Congressional intent to completely preempt the field, Defendant's
Amended Response to Plaintiff's Motion to Remand states:

> The [C]ongressional [I]ntent behind the statute is set out in the House of Representatives
> Conference report No. 104-458, at page 194 et seq:
>
>> This section provides 'Good Samaratin' protection from civil liability for
>> providers who use interactive computer service or actions to restrict or to
>> enable to [sic] restriction of access to objectionable online material.  In the
>> specific purposes that this section is to overrule *Stratton-Oakmont vs.
>> Prodigy* [citation omitted in the original] and any other similar decision
>> which have treated such providers and users as publishers or speakers of
>> content that is not their own because they have restricted access to
>> objectionable material.

[Docket No. 14, ¶ 12] However, a review of the Congressional Record reveals that Congress recognized
that the defendant in *Prodigy* was not the actual author of the defamatory comments.  141 CONG. REC.
S8345 (daily ed. June 5, 1995) (statement of Sen. Coats).  Defendant's reading of the Conference Report
seems to ignore the conference report's qualification that providers and users are only protected against
"content that is not their own."

6

case.  In *Zeran*, the plaintiff filed suit against America Online ("AOL") for "negligent distribution of defamatory material" and sought to hold AOL liable despite the fact that AOL was not the author of the defamatory material, but merely operated an electronic bulletin board.   In the instant case, Plaintiff has alleged that Defendant is not only the operator of the web-site, but also the author of the defamatory material.  Therefore, there is no conflict between the state law libel claim and § 230(c)(1) and the libel claim is a consistent state law as described in § 230(e)(3).

When viewed in the framework of *Avco*, *Franchise Tax*, and *Taylor*, the language used in § 230(e)(3) of the CDA clearly does not rise to the level of complete preemption.  Furthermore, there is no civil enforcement provision creating a federal claim to replace state law claims.   Any preemptive effect the CDA may have only rises to the level of a defense to certain causes of action, which is insufficient to support removal jurisdiction.

Based on the above, this Court holds that absent diversity there would be no original jurisdiction in federal court as a state law libel claim seeking to hold the author of a defamatory statement liable for statements he allegedly made is not preempted by the CDA.  Removal of this case was therefore improper.  Holding otherwise would have the effect of allowing individuals to escape liability for making defamatory statements for which they would otherwise be held liable simply by publishing the defamatory statements on a web-site that they administer.  This Court cannot imagine that Congress intended to create a different standard for the authors of defamatory statements who double as the administrators of web-sites.

Plaintiff's Amended Motion for Remand [Docket No. 7] is hereby **GRANTED**.  Plaintiff's Motion for Expedited Hearing on Her Motion for Remand and for Sanctions for Wrongful Removal [Docket No. 5], Plaintiff's Motion for Remand [Docket No. 6], Plaintiff's Amended Motion for

Expedited Hearing on Her Motion for Remand and for Sanctions for Wrongful Removal [Docket

No. 8], and Defendant's Motion to Dismiss Pursuant to Rule 12(b) of the Federal Rules of Civil

Procedure [Docket No.13] are hereby **DENIED**.

Signed this 7th day of December, 2005.

_____
Andrew S. Hanen
United States District Judge